UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDWARD WESLEY CLARK, III,

    Petitioner,

    v.

ATTORNEY,

    Respondent.

No. C 14-0254 EDL (PR)

**ORDER OF DISMISSAL**

Petitioner, a state prisoner, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## DISCUSSION

### A.  Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102,

1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.    Legal Claims**

Petitioner is currently a state prisoner incarcerated at Salinas Valley State Prison. He states that an INS (or ICE) immigration hold has been placed on him, though he was born in Los Angeles.  For relief, he seeks that the hold be lifted.

However, while petitioner has an ICE detainer against him, he is not "in custody" for purposes of eligibility to seek habeas corpus relief.  *Garcia v. Taylor*, 40 F.3d 299, 303 (9th Cir. 1994) ( "[T]he bare detainer letter alone does not sufficiently place an alien in [Immigration and Naturalization Service] custody to make habeas corpus available."), superseded by statute on other grounds as stated in *Campos v. Immigration and Naturalization Service*, 62 F.3d 311, 314 (9th Cir. 1995).  Petitioner is not challenging the legality of his current incarceration, but is seeking to litigate the legality or duration of potential future confinement by the ICE.  The detainer is only a notification that a removal decision will be made at some later date.  *Garcia*, at 303-04; *Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir. 1988).  As he is not in custody with respect to the ICE detainer, he cannot show his present state custody is unlawful.

Petitioner is also informed that federal district court jurisdiction to hear a habeas corpus challenge to an administrative decision relating to a removal order has been curtailed by section 106(a) of the REAL ID Act.  *See* 8 U.S.C. § 1252(a)(5).  Provisions of the REAL ID Act deprive the federal district courts of jurisdiction to review challenges to an immigration removal order.  8 U.S.C. § 1252(a)(5).  *See Iasu v. Smith*, 511 F.3d 881, 886 (9th Cir. 2007). Under the judicial review regime imposed by the REAL ID Act, a petition for review is the sole and exclusive means of judicial review for all orders of removal except those issued pursuant to 8 U.S.C. § 1225(b)(1), providing for the expedited removal of arriving inadmissible aliens.  *Bonhometre v. Gonzales*, 414 F.3d 442, 445 (3rd Cir. 2005). A petition for review must be filed with the circuit court of appeals.  8 U.S.C. § 1252(a)(5) ("a petition for review filed with an appropriate court of appeals in accordance with this

section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in section (e) of this section."). For all these reasons, this habeas petition is denied.

## CONCLUSION

1. The petition is **DISMISSED** for the reasons set out above.

2. Because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is **DENIED**.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for COA).  The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March 12, 2014.

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Chief Magistrate Judge

G:\PRO-SE\EDL\HC.14\Clark0254.dsm.wpd